# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **SHERRYL DARBY** | : | Case No. 1:18CV00669 |
| 7613 Advantage Court | : | |
| Las Vegas, NV 89129 | : | |
| | : | **Judge** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CHILDVINE, INC.** | : | |
| 790 Main Street | : | |
| Springboro, OH 45066 | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Sherryl Darby, for her Complaint against Childvine, Inc. ("Childvine") states as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Sherryl Darby's employment with Childvine.  Ms. Darby alleges that she was terminated because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* and the Ohio Civil Rights Act, Ohio Rev. Code 4112.01, *et seq.*

2. Ms. Darby seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, compensatory damages for her noneconomic injuries, equitable relief in the form of reinstatement with accommodation or front pay, and punitive damages.  Finally, Ms. Darby seeks payment of her reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq.* This Court may assume supplemental jurisdiction over Ms. Darby's claims under Ohio law pursuant to 28 U.S.C. § 1367 because her state law claims arise from the same case or controversy as her federal claims.

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III. ADMINISTRATIVE HISTORY

5. On or about November 30, 2016, Ms. Darby filed a charge of discrimination (No. 473-2017-00228) with the Equal Employment Opportunity Commission ("EEOC") against Childvine, alleging disability discrimination. On June 27, 2018, the EEOC issued Ms. Darby a Notice of Right to Sue.

6. Ms. Darby has timely filed this claim within 90 days of that notice.

## IV. PARTIES

7. Plaintiff Sherryl Darby is a United States citizen and is currently a resident of Las Vegas, Nevada. Childvine employed Ms. Darby as an administrative assistant at its Springboro, Ohio location. Ms. Darby is disabled as that term is defined by the ADA and Ohio Civil Rights Act.

8. Defendant Childvine is an Ohio corporation doing business in the Southern District of Ohio. Childvine is an early childcare provider.

## V. STATEMENT OF THE CASE

9. Ms. Darby was hired at Childvine as an administrative assistant in or about August 2016. In September 2016, Ms. Darby was diagnosed with breast cancer.

10. Ms. Darby promptly notified her supervisor, Tyler Mayhugh, of her breast cancer diagnosis. During this meeting, she also informed Mr. Mayhugh that she was scheduled to have a double mastectomy on September 27, 2016.

11. Mr. Mayhugh expressed doubt as to whether Childvine would allow Ms. Darby to remain employed, as her scheduled surgery date was still within her 90-day probationary period. He asked if Ms. Darby could delay her surgery until after her 90-day probationary period was complete.

12. Fearing for her job, Ms. Darby called her doctor and scheduled her surgery for October 25, 2016, the first day after the probationary period was complete. She informed Mr. Mayhugh of her new surgery date.

13. After informing Mr. Mayhugh of her new surgery date, Ms. Darby was repeatedly harassed by Mr. Mayhugh and Samantha Dotzy, co-owner of Childvine, as to how long she would be out of work to recover from her surgery, despite claiming each time that she did not know.

14. In mid-October, Ms. Darby requested the use of her paid time off to recover from her surgery. Ms. Dotzy approved Ms. Darby's use of vacation and sick leave for her surgery.

15. After a successful surgery, Ms. Darby sent a text message to Mr. Mayhugh regarding her return to work in early November. Mr. Mayhugh informed Ms. Darby that she would need a medical release to return to work.

16. On November 4, 2016, Ms. Darby took a signed medical release to Mr. Mayhugh. Upon receipt of the release, Mr. Mayhugh asked Ms. Darby to step into his office. He then told Ms. Darby that Childvine had sent her a letter in the mail informing her that she was being terminated.

17. Several days later, Ms. Darby received the termination letter, dated November 7, 2016, informing her that she had been terminated effective October 24, 2016, the final day of her probationary period and the day before her mastectomy. Ms. Darby worked a full shift on October 24, and Childvine gave Ms. Darby no indication on that day that she was being terminated. In fact, Ms. Darby had supervised a field trip and was told to go home early to prepare for her "big day." Childvine claimed Ms. Darby was being terminated for being "unpleasant," violating the dress code, comments she had made in jest, and her "being unable to work."

18. Childvine's justifications for terminating Ms. Darby were false and were pretext for illegal discrimination on the basis of her disability.

19. As a direct and proximate result of Defendant's unlawful actions, Ms. Darby has suffered and continues to suffer economic injuries in the form of lost pay and benefits, as well as non-economic injuries, including emotional distress and pain and suffering.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

20. Ms. Darby incorporates paragraphs 1 through 19 as if fully rewritten herein.

21. Ms. Darby suffers from a disability.

22. Ms. Darby is qualified to perform the essential functions of her position with a reasonable accommodation.

23. Childvine denied Ms. Darby a reasonable accommodation and terminated her because of her disability.

24. As a result of Childvine's illegal actions, Ms. Darby has suffered damages including lost wages and emotional distress.

4

25. Childvine acted with malice and a conscious disregard for Ms. Darby's federally-protected rights.

### PRAYER FOR RELIEF

Wherefore, Ms. Darby demands judgment against Defendant Childvine as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Darby in an amount to be determined at trial;

2. An order reinstating Ms. Darby to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

3. An award of compensatory damages for all noneconomic damages suffered;

4. An award of punitive damages;

5. An award of Ms. Darby's reasonable attorney fees and costs; and

6. An award of any other relief in law or equity to which Ms. Darby is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler_____
Brian J. Butler (OH No. 0082675)
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
mmezibov@mezibov.com

*Attorneys for Plaintiff Sherryl Darby*

## **JURY DEMAND**

Plaintiff Sherryl Darby demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)