UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SHERRYL DARBY** <br> 7613 Advantage Court <br> Las Vegas, NV 89129 <br><br>         **Plaintiff,** <br><br> v. <br><br> **CHILDVINE, INC.** <br> 790 Main Street <br> Springboro, OH 45066 <br><br> and <br><br> **TYLER MAYHUGH** <br> 790 Main Street <br> Springboro, OH 45066 <br><br> and <br><br> **SAMANTHA DOCZY** <br> 790 Main Street <br> Springboro, OH 45066 <br><br>         **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 1:18CV00669 <br><br> **Judge Barrett** |

___

**AMENDED COMPLAINT AND JURY DEMAND**
___

      Plaintiff Sherryl Darby, for her Amended Complaint against Childvine, Inc. ("Childvine"), Tyler Mayhugh, and Samantha Doczy, states as follows:

      **I.    PRELIMINARY STATEMENT**

1.    This is a civil rights action arising out of Plaintiff Sherryl Darby's employment with Childvine. Ms. Darby alleges that she was terminated because of her disability in violation

of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Ohio Civil Rights Act, Ohio Rev. Code 4112.01, *et seq*.

2. Ms. Darby seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, compensatory damages for her noneconomic injuries, equitable relief in the form of reinstatement with accommodation or front pay, and punitive damages. Finally, Ms. Darby seeks payment of her reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq*. This Court may assume supplemental jurisdiction over Ms. Darby's claims under Ohio law pursuant to 28 U.S.C. § 1367 because her state law claims arise from the same case or controversy as her federal claims.

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III. ADMINISTRATIVE HISTORY

5. On or about November 30, 2016, Ms. Darby filed a charge of discrimination (No. 473-2017-00228) with the Equal Employment Opportunity Commission ("EEOC") against Childvine, alleging disability discrimination. On June 27, 2018, the EEOC issued Ms. Darby a Notice of Right to Sue.

6. Ms. Darby has timely filed this claim within 90 days of that notice.

## IV. PARTIES

7. Plaintiff Sherryl Darby is a United States citizen and is currently a resident of Las Vegas, Nevada. Childvine employed Ms. Darby as an administrative assistant at its

Springboro, Ohio location. Ms. Darby is disabled as that term is defined by the ADA and Ohio Civil Rights Act.

8. Defendant Childvine is an Ohio corporation doing business in the Southern District of Ohio. Childvine is an early childcare provider.

9. Defendant Tyler Mayhugh is an Ohio resident and, at all times relevant, was the Director at Childvine, Inc.

10. Defendant Samantha Doczy is an Ohio resident and, at all times relevant, a co-owner of Childvine, Inc.

## STATEMENT OF THE CASE

11. Childvine hired Ms. Darby as an administrative assistant in or about August 2016. In September 2016, Ms. Darby was diagnosed with breast cancer, which substantially limited her major life activity of normal cell growth.

12. Ms. Darby promptly notified her supervisor, Tyler Mayhugh, of her breast cancer diagnosis. During this meeting, she also informed Mr. Mayhugh that she was scheduled to have a double mastectomy on September 27, 2016.

13. Mr. Mayhugh expressed doubt as to whether Childvine would allow Ms. Darby to remain employed, as her scheduled surgery date was still within her 90-day probationary period. He asked if Ms. Darby could delay her surgery until after her 90-day probationary period was complete.

14. Fearing for her job, Ms. Darby re-scheduled her surgery for October 25, 2016, the first day after her probationary period was complete. She informed Mr. Mayhugh of her new surgery date.

15. After informing Mr. Mayhugh of her new surgery date, Mr. Mayhugh and Ms. Doczy repeatedly harassed Ms. Darby about the length of her leave to recover from surgery.

16. In mid-October, Ms. Darby requested the use of her paid time off to recover from her surgery. Ms. Doczy approved Ms. Darby's use of vacation and sick leave for her surgery.

17. After a successful surgery, Ms. Darby sent a text message to Mr. Mayhugh on October 26, 2018 regarding her return to work in early November. Mr. Mayhugh informed Ms. Darby that she would need a medical release to return to work.

18. On November 4, 2016, Ms. Darby took a signed medical release to Mr. Mayhugh. Upon receipt of the release, Mr. Mayhugh asked Ms. Darby to step into his office. He then told Ms. Darby that Childvine had sent her a letter in the mail informing her that she was being terminated.

19. Several days later, Ms. Darby received the termination letter, dated November 7, 2016, informing her that she had been terminated effective October 24, 2016, the final day of her probationary period and the day before her mastectomy. Ms. Darby worked a full shift on October 24, and Childvine gave Ms. Darby no indication on that day that she was being terminated. In fact, Ms. Darby had supervised a field trip and was told to go home early to prepare for her "big day."

20. Childvine, Mr. Mayhugh, and Ms. Doczy concocted false justifications for terminating Ms. Darby, claiming Ms. Darby was being terminated for being "unpleasant," violating the dress code, comments she had made, and "being unable to work." However, Ms. Darby received no discipline for these alleged deficiencies during her employment.

21. Childvine's justifications for terminating Ms. Darby were false and were pretext for illegal discrimination on the basis of her disability.

22. As a direct and proximate result of Defendants' unlawful actions, Ms. Darby has suffered and continues to suffer economic injuries in the form of lost pay and benefits, as well as non-economic injuries, including emotional distress and pain and suffering.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

23. Ms. Darby incorporates paragraphs 1 through 22 as if fully rewritten herein.

24. Ms. Darby suffered from breast cancer, which substantially limited her normal cell growth.

25. Ms. Darby is qualified to perform the essential functions of her position with a reasonable accommodation.

26. Childvine denied Ms. Darby a reasonable accommodation and terminated her because of her disability.

27. As a result of Childvine's illegal actions, Ms. Darby has suffered damages including lost wages and emotional distress.

28. Childvine acted with malice and a conscious disregard for Ms. Darby's federally-protected rights.

### Count 2: Disability Discrimination
### (Ohio Rev. Code § 4112.02(J))

29. Ms. Darby incorporates paragraphs 1 through 28 as if fully rewritten herein.

30. Childvine discriminated against Ms. Darby because of her breast cancer.

31. The discrimination was sufficiently severe to affect a term, condition, or privilege of employment.

32. Defendants Mayhugh and Doczy, by their actions and omissions, aided, abetted, incited, and compelled Childvine's discrimination of Ms. Darby in violation of Ohio law by creating false justifications for terminating Ms. Darby because of her breast cancer.

33. Mr. Mayhugh and Ms. Doczy took adverse action against Ms. Darby when they terminated her employment.

34. There is a causal connection between Ms. Darby's termination and her disability.

35. Mr. Mayhugh and Ms. Doczy's stated reasons for terminating Ms. Darby are pretext for illegal discrimination.

36. Mr. Mayhugh and Ms. Doczy acted with malice.

## PRAYER FOR RELIEF

Wherefore, Ms. Darby demands judgment against Defendants Childvine, Tyler Mayhugh, and Samantha Doczy states as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Darby in an amount to be determined at trial;

2. An order reinstating Ms. Darby to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

3. An award of compensatory damages for all noneconomic damages suffered;

4. An award of punitive damages;

5. An award of Ms. Darby's reasonable attorney fees and costs; and

6. An award of any other relief in law or equity to which Ms. Darby is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
mmezibov@mezibov.com

*Attorneys for Plaintiff Sherryl Darby*

## JURY DEMAND

Plaintiff Sherryl Darby demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)

## CERTIFICATE OF SERVICE

I certify that all parties have been served through the operation of the Court's electronic filing system. Waivers of service have been sent to the newly-added Defendants.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)