# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SHERRYL DARBY | : | Case No. 1:18-cv-00669 |
| Plaintiff, | : | JUDGE MICHAEL R. BARRETT |
| v. | : | |
| CHILDVINE, INC., *et al.*, | : | ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS |
| Defendants. | : | |

This matter is before the Court on Defendants Childvine, Inc., Mayhugh, and Doczy's Renewed Motion to Dismiss. (Doc. 16). Plaintiff has filed a memorandum in opposition (Doc. 17), to which Defendants have replied (Doc. 18).[1] For the reasons that follow, Defendants' Motion will be GRANTED.

## I. BACKGROUND

This is a civil rights action arising out of Plaintiff Sherryl Darby's short-lived employment with Childvine, Inc., an early chidcare provider. (Doc. 5 at PageID 21, 23 (¶¶1, 8)). Defendant Tyler Mayhugh is the director at Childvine and was Plaintiff's supervisor. (*Id.* at PageID 23 (¶¶ 9, 12)). Defendant Samantha Doczy[2] is a co-owner of Childvine. (*Id.* at PageID 23 (¶ 10)). Plaintiff was hired as an administrative assistant around August 2016. (*Id.* at PageID 23 (¶ 11)). She underwent a double mastectomy on October 25, 2016. (*Id.* at PageID 23, 24 (¶¶ 14, 17, 19)). Plaintiff received written

---

[1] While formal oral argument was not held, the parties discussed their respective positions during a telephone conference with the Court. (*See* Minute Entry dated 11/15/2019).
[2] Samantha Doczy is now known as Samantha Blizzard. (*See* Doc. 7). For consistency's sake, though, the Court will continue to refer to her as "Doczy."

1

notice of her termination approximately two weeks after her surgery. (*Id.* at PageID 24 (¶¶ 18, 19)).

Plaintiff filed her original Complaint on September 21, 2018 against Defendant Childvine only, alleging she was terminated in violation of federal and state law because of her breast cancer diagnosis. (*See* Doc. 1). Childvine moved to dismiss, arguing that breast cancer is not a "per se disability" and highlighting Plaintiff's failure to allege any substantial limitation of a major life activity. (*See* Doc. 3). Plaintiff thereafter filed an Amended Complaint on November 16, 2018 in which she states, "In September 2016, Ms. Darby was diagnosed with breast cancer, which substantially limited her major life activity of normal cell growth." (Doc. 11 at PageID 23 (¶ 11)). She added individual Defendants Mayhugh and Doczy, who, she believes "aided, abetted, incited, and compelled Childvine's discrimination of Ms. Darby in violation of Ohio law by creating false justifications for terminating Ms. Darby because of her breast cancer." (*Id.* at PageID 26 (¶ 32)). Defendant Childvine filed an Answer (Doc. 6), but newly-named Defendants Mayhugh and Doczy filed a motion to dismiss in which they argue that Plaintiff cannot allege that she is disabled under state law and that they are not "covered entities"[3] under federal law. (*See* Doc. 11).

A conference was held at the request of the parties on August 30, 2019. (*See* Minute Entry dated 08/30/2019). Through written discovery, Defendants learned that Plaintiff was not diagnosed with cancer as alleged in the Amended Complaint, but, instead, tested positive for a gene mutation—BRCA1—that is associated with an increased risk of cancer. (*See* Doc. 16 at PageID 64–66). And, in response, Plaintiff

---

[3] Plaintiff points out in her memorandum in opposition that she has not sued Mayhugh and Doczy under federal law, rendering moot their arguments in this regard. (*See* Doc. 13 at PageID 55).

2

elected surgery "to decrease her risk of developing breast cancer." (*Id.* at PageID 66). In a follow-up Notation Order, the Court denied as moot Mayhugh and Doczy's pending motion to dismiss and directed them to file a revised motion to address this new development. (*See* Notation Order dated 09/06/2019). The instant Motion, filed on behalf of all three Defendants, is now fully briefed and ripe for disposition.

## II.　LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the court must accept well-pleaded factual allegations as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Attain*, 478 U.S. 265, 286 (1986)).

## III.  ANALYSIS

Before discussing the merits of Defendants' Motion, the Court must first resolve a procedural wrinkle. Citing Fed. R. Civ. P. 15(b)(2), Defendants ask the Court "to have the pleadings amended to conform with the evidence that Plaintiff never had breast cancer." (Doc. 16 at PageID 67 ("Instead, Plaintiff had a family history o[f] cancer and tested positive for a BRCA1 mutation, which increased her chance of having cancer in the future.")). But Plaintiff responds, and correctly so, that Rule 15(b)(2) is "facially inapplicable." (Doc. 17 at PageID 77). "In other words, a party can invoke Rule 15(b) <u>during and after trial</u>, and, even then, only if an unpleaded issue was actually tried." *Nolan v. Thomas*, No. 16-cv-12224, 2018 WL 3122597, at *10 (E.D. Mich. June 26, 2018) (citing *Siler v. Webber*, 443 F. App'x 50, 58 (6th Cir. 2011) (emphasis added)).

As an alternative, and "in an effort to resolve" the question presented under Rule 12(b)(6) rather than Rule 56, Plaintiff seeks leave to amend her operative complaint to conform with "the evidence produced in discovery." (Doc. 17 at PageID 75). Plaintiff proposes the following amendment:

  (1) Ms. Darby attended a routine appointment with her OBGYN;
  (2) The OBGYN found an epithelial cell abnormality;
  (3) The doctor referred her for genetic testing;
  (4) The genetic testing resulted in a positive match for the BRCA1 gene;
  (5) The BRCA1 gene is an impairment that substantially limits normal cell growth;
  (6) Because of the positive match, Ms. Darby's doctors urged her to undergo a double mastectomy;

> (7) Ms. Darby elected to follow the medical advice and underwent the surgery; and
> (8) Childvine terminated Ms. Darby's employment very shortly after undergoing her surgery.

(*Id.* at PageID 75–76). In their reply, Defendants stipulate to Plaintiff's proposed amendment. (Doc. 18 at PageID 82–83). Thus, the Court proceeds to the merits of Defendants' Motion—urging that a gene mutation is not a disability—on the premise that the operative complaint incorporates the above allegations.

### A. Federal and State Statutes Prohibiting Disability Discrimination

Count 1 of Plaintiff's Amended Complaint alleges disability discrimination against Defendant Childvine under both federal (42 U.S.C. § 12101 *et seq.*) and state (Ohio Rev. Code § 4112.02(A)) statutes. Because Ohio's statute parallels the federal statute, the same analytical framework applies to both. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 201 (6th Cir. 2010); *Bracken v. DASCO Home Med. Equip., Inc.*, 954 F. Supp. 2d 686, 701 (S.D. Ohio 2013). Thus, Plaintiff's federal and state claims against Childvine rise or fall together.

The federal Americans with Disabilities Act ("ADA "), as amended by the Amendments Act of 2008 ("ADAAA"), prohibits employers from discriminating against—including discharging—an employee on the basis of disability. *See* 42 U.S.C. § 12112. Relevant to the facts alleged here, a "disability" is defined as a physical impairment that substantially limits one or more of an individual's major life activities. *Id.* § 12102(1)(A). The statute defines "normal cell growth" as a major life activity. *Id.* § 12102(2)(B). As amended, the ADA provides that the definition of disability "shall be construed in favor of broad coverage." *Anaissie v. Univ. of Cincinnati Physicians, Inc.*, No. 1:15cv701,

2018 WL 1456102, at *5 (S.D. Ohio Mar. 23, 2018) (citing 42 U.S.C. § 12102(4)(A)),[4] *aff'd*, 75 F. App'x 496 (6th Cir. 2019).

Physical impairments include "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine[.]" 29 C.F.R. § 1630.2(h)(1). "Congress [has] cautioned that 'the question of whether an individual's impairment is a disability ... should not demand extensive analysis.'" *Barlia*, *supra*, 721 F. App'x at 445 (quoting ADAAA § 2(b)(5)).

"'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). "An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." *Id.* § 1630.2(j)(1)(ii). This comparison "usually will not require scientific, medical, or statistical analysis." *Id.* § 1630.2(j)(1)(v).

---

[4] As this Court noted in *Anaissie*:

> Having concluded that the courts were defining "disability" too narrowly, Congress amended the ADA in 2008 to state that the term should be construed "in favor of broad coverage ..., to the maximum extent permitted by the [ADA's] terms." 42 U.S.C. § 12102(4)(A); ADA Amendments Act ("ADAAA"), Pub. L. No. 110-325, § 2, 122 Stat. 3553 (2008). Moreover, Congress explicitly rejected a number of standards formulated by the Supreme Court, such as the requirement that the impairment be "permanent or long-term" to qualify as a disability under the ADA. 42 U.S.C. § 12102(4)(D) ("An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active."); ADAAA § 2(b)(4) (stating that a purpose of ADAAA is to "reject ... standards enunciated by the Supreme Court in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002)," which included the requirement that an impairment's impact be "permanent or long-term" to qualify as a "substantial limitation"). Congress also cautioned that "the question of whether an individual's impairment is a disability ... should not demand extensive analysis." ADAAA § 2(b)(5).

*Id.* at *5 n.1 *(quoting Barlia v. MWI Veterinary Supply, Inc.*, 721 F. App'x 439, 445 (6th Cir. 2018)).

"[N]ot every impairment will constitute a disability within the meaning of this section." *Id.* § 1630.2(j)(1)(ii). "[T]he following types of impairments will, at a minimum, substantially limit the major life activities indicated: … <u>cancer</u> substantially limits normal cell growth." *Id.* § 1630.2(j)(3)(iii) (emphasis added).[5]

**B. Plaintiff's Claim is Not Plausible on its Face**

Although mindful that the ADA is to be broadly construed, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff has offered no statutory, regulatory, or caselaw support for her "legal conclusion couched as a factual allegation"—*see Twombly*, 550 U.S. at 555—that the BRCA1 gene, like cancer itself, is a physical impairment that substantially limits normal cell growth. And the Court's own research has found none.

It is true that the Sixth Circuit has held that some conditions, even when dormant, may constitute a physical impairment. *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 780 (6th Cir. 1998) (occasional flare-ups from pustular psoriasis was a physical impairment "because of the ongoing nature of the disease and its physiological impact even during its dormant stage.") (citing *Bragdon v. Abbott*, 524 U.S. 624, 637 (1998) (a person infected with the HIV virus has an immediate physical impairment because it has a "constant and detrimental effect on the infected person's hemic and lymphatic systems from the moment of infection.")). But this is not a circumstance akin to remission of cancer. Rather, it is, presently, the *absence* of cancer.

---

[5] In previous filings, Defendants Mayhugh and Doczy took the position that "Ohio law [in contrast to federal law] does not recognize normal cell growth as a major life activity." (Doc. 11 at PageID 48, Doc. 14 at PageID 60). Yet, in their most recent filing, they allow that "federal regulations and caselaw are applicable to disability discrimination claims brought under Chapter 4112." (Doc. 16 at PageID 71 (quoting *Bracken*, *supra*, 954 F. Supp. 2d at 701)).

The Court's decision should not be read to trivialize Plaintiff's legitimate fear of developing breast cancer or minimize the transformative measures she took to avoid it. It merely recognizes that this Court's role is to interpret, not legislate. To expand the definition of physical impairment to include a condition that *might* lead to a disability *in the future* effectively puts every employee under ADAAA protection. That choice belongs to Congress.[6]

Having determined that Plaintiff's claim of disability discrimination—based on testing positive for the BRCA1 gene—is not plausible under federal or state law, it is unnecessary for the Court to resolve the issue of whether Defendants Mayhugh and Doczy can be held individually liable under Ohio Rev. Code § 4112.02(J).

## IV. CONCLUSION

For the foregoing reasons, Defendants Childvine, Inc., Mayhugh, and Doczy's Renewed Motion to Dismiss (Doc. 16) is hereby **GRANTED.**

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[6] As very recently noted in *Shell v. Burlington N. Santa Fe R.R.Co.*,

> While Congress did direct that "[t]he definition of disability … shall be construed in favor of broad coverage of individuals," 42 U.S.C. § 12102(A)(4), the mandate does not give us license to go beyond the terms of the statute. *See New Prime Inc. v. Oliveria*, —U.S.—, 139 S. Ct. 532, 543 (2019) ("If courts felt free to pave over bumpy statutory texts in the name of more expeditiously advancing a policy goal, we would risk failing to 'take account' of legislative compromises essential to a law's passage and, in that way, thwart rather than honor 'the effectuation of congressional intent.'"). We cannot decide the question presented based on broad statutory purposes where the answer is supplied by the statute's plain language.

941 F.3d 331, 337–38 (7th Cir. 2019) (ADA's "regarded as" prong does not apply when employer views obese applicant as *at risk* for developing a qualifying impairment *in the future*).